## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **PAUL Y. BARON, JR.,** | * | |
| **Plaintiff** | * | |
| **v.** | * | **CIVIL NO.  JKB-16-3145** |
| **DIRECTV, LLC,** | * | |
| **Defendant** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM  AND  ORDER

### *I.  Background*

This case was filed originally by Plaintiff Paul Y. Baron, Jr., in the Circuit Court for Worcester County, Maryland.  (Compl., ECF No. 2.)  It alleges five counts:  conversion; violation of the Maryland Consumer Debt Collection Act ("MCDCA"), codified at Md. Code Ann., Com. Law § 14-201 *et seq.* (LexisNexis 2005); violation of the Maryland Consumer Protection Act ("MCPA"), codified at Md. Code Ann., Com. Law § 13-301 *et seq.* (LexisNexis 2005); fraud; and restitution – unjust enrichment.  (*Id.*)  The suit was timely removed to this Court by Defendant DIRECTV, LLC.  (ECF No. 1.)  Pending before the Court is Baron's motion to remand.  (ECF No. 11.)  The motion has been briefed (ECF Nos. 14, 15), and no hearing is necessary, Local Rule 105.6 (D. Md. 2016).  The motion will be denied.

### *II.  Standard for Remand*

Because federal courts are courts of limited jurisdiction, a cause of action is presumed to lie outside of that limited jurisdiction, and the burden of establishing otherwise rests upon the party asserting jurisdiction.  *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011) (*en banc*),

*abrogated on other grounds by* 28 U.S.C. § 1446(b)(2)(B).  In particular, removal statutes are to be strictly construed, and doubts regarding the propriety of removal should be resolved in favor of remanding the case to state court.  *Id.*

### III. Analysis

Baron argues that the amount in controversy in this diversity jurisdiction case does not exceed $75,000 and, hence, this Court does not have subject-matter jurisdiction.  Based upon a careful reading of his complaint and the relevant authorities, the Court disagrees.

The complaint's *ad damnum* clause reads as follows:

WHEREFORE, Plaintiff prays that the Court:

A. Award BARON judgment against DIRECTV upon Count One in the amount of $1,571.72 actual damages and $50,000.00 punitive damages;

B. Award BARON judgment against DIRECTV upon Count Two in the amount of $50,000.00 actual damages and reasonable attorney's fees and costs;

C. Award BARON judgment against DIRECTV upon Count Three in the amount of $50,000.00 actual damages and reasonable attorney's fees and costs;

D. Award BARON judgment against DIRECTV upon Count Four in the amount of $1,571.72 actual damages and $50,000.00 punitive damages;

E. Award BARON judgment against DIRECTV upon Count Five in the amount of $1,571.72 actual damages;

F. Award BARON pre-judgment and post-judgment interest; and

G. Award BARON such other and further legal and equitable relief as the Court deems just and proper.[1]

_____

[1] Pursuant to Md. Rule 2-305, BARON states that his claim does not exceed seventy four thousand nine hundred ninety nine dollars and ninety nine cents ($74,999.99).

(Compl., *ad damnum* clause.)

"In most cases, the 'sum claimed by the plaintiff controls' the amount in controversy determination."  *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (quoting *St. Paul*

*Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).   In calculating the amount in controversy, both actual and punitive damages are considered.   *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943); *Saval v. BL, Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983). Further, if the aggregate amount of all claims is in excess of the jurisdictional amount, then jurisdiction exists for each count.   *Griffin v. Red Run Lodge, Inc.*, 610 F.2d 1198, 1204 (4th Cir. 1979).

Applying these principles to Baron's prayer for relief, the Court calculates that the total amount in controversy as to damages is $203,142.84.   In addition, Baron's request for attorney's fees pursuant to his claims under the MDCPA and the MCPA should be considered as part of the amount in controversy because those statutes "transformed attorney[']s fees into substantive rights to which" Baron claims entitlement.   *Saval*, 710 F.2d at 1033.   At this point, of course, it is unknown what those fees might be, but it would be reasonable to infer they would amount to several thousand dollars.   Assuming the fees would be a minimum of five thousand dollars, that would put the total amount in controversy at $208,142.84.

Baron attempts to defeat federal jurisdiction by resort to the above-quoted footnote, which he argues limits his recovery to $74,999.99.   (Pl.'s Mot. Remand 5.)   However, the Court finds the wording of that footnote to be vague and ambiguous.   If Baron had truly sought to limit his recovery to less than the removal threshold, then he would not have included all the various demands for specific amounts in his prayer for relief.   Instead, he would have complied with Maryland Rule 2-305, which states,

> A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain a clear statement of the facts necessary to constitute a cause of action and a demand for judgment for the relief sought. Unless otherwise required by law, (a) a demand for a money judgment that does not exceed $75,000 *shall include the amount of damages sought*, and (b) a demand for a money judgment that exceeds $75,000 shall not

3

specify the amount sought, but shall include a general statement that the amount sought exceeds $75,000. Relief in the alternative or of several different types may be demanded.

(Emphasis added.)

Under this rule, either Baron should have specified the amount of his damages if the damages do not exceed $75,000, or he should have demanded a money judgment in excess of $75,000 without specifying an amount.  By saying "his claim does not exceed" $74,999.99, Baron has done neither.  The Committee Note to Rule 2-305 is even more emphatic:  "A *specific dollar amount must be given* when the damages sought are less than or equal to $75,000 because the dollar amount is relevant to determining whether the amount is sufficient for circuit court jurisdiction or a jury trial."  (Emphasis added.)  The Maryland Court of Appeals has opined that the Maryland Rules are "precise rubrics, established to promote the orderly and efficient administration of justice, and thus are to be strictly followed."  *Duckett v. Riley*, 52 A.3d 84, 87 (Md. 2012) (internal quotation marks omitted).  The only reasonable reading of Baron's prayer for relief requires disregard of the noncompliant footnote and results in a conclusion that Baron's specific demand for a money judgment is embodied in Sections A through G.

Another factor in the Court's analysis is the ability of a plaintiff in Maryland state court to amend, post verdict, the amount sought in a complaint.  *See* Md. R. 2-341 Committee Note ("The court may grant leave to amend the amount sought in a demand for a money judgment after a jury verdict is returned.").  *See also James v. Butler*, 838 A.2d 1180, 1184-85 (Md. 2003); *Falcinelli v. Cardascia*, 663 A.2d 1256, 1262 (Md. 1995) ("the *ad damnum* does not inherently limit the power of the jury to render a verdict and does not inherently limit the power of the court to enter a judgment").

When faced with a similar situation arising under Louisiana law, the United States Court of Appeals for the Fourth Circuit affirmed this Court's denial of a motion to remand. *Aikens v. Microsoft Corp.*, 159 F. App'x 471, 475-76 (4th Cir. 2005) (unpublished). In *Aikens*, plaintiffs had included in their complaint statements that they sought "monetary relief as provided by Louisiana law" and that they did not "seek" damages exceeding $75,000. *Id.* at 475. While the Supreme Court's 1938 *St. Paul Mercury* opinion had noted that a plaintiff could "resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove," 303 U.S. at 294, the *Aikens* Court observed this statement from *St. Paul Mercury* "was premised on the notion that plaintiffs would be bound by the amount alleged in the *ad damnum* clause of the complaint, a premise that is no longer uniformly true and that is clearly not true in Louisiana," 159 F. App'x at 475-76. Given Maryland law, the premise is also not true in Maryland.

As for the *Aikens* plaintiffs' efforts to use limiting language in their complaint, the Court found it did not rise to the level of a binding stipulation that plaintiffs would not *accept* more than $75,000 if the Louisiana state court were to award it. *Id.* at 476. Such binding stipulations have been permitted in federal courts for plaintiffs seeking remand to state court. *Id. See also Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) (noting binding nature of affidavit or stipulation that plaintiff will continue to claim less than jurisdictional amount (citing 14AA C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3702.1, p. 335 (4th ed. 2011))); *Williams v. Potomac Elec. Power Co.*, 115 F. Supp. 2d 561, 566 & n.4 (D. Md. 2000) (denying motion to remand when plaintiffs refused to stipulate to less than jurisdictional amount).

In the instant case, DIRECTV says in its opposition that its counsel contacted Baron's counsel and requested such a binding stipulation, but Baron's counsel declined to provide one. (Def.'s Opp'n 5.)  Baron takes issue with DIRECTV's including this account in DIRECTV's motion papers, but not supporting it with an affidavit.  (Pl.'s Reply 1.)  Notably, however, Baron does not refute the content of the communication, as related by DIRECTV.  And the Court has examined the case cited by Baron for the proposition that an affidavit is required in such a circumstance, *Jackson v. Johnson*, Civ. No. ELH-14-0011 (D. Md. Feb. 20, 2014), and found it factually inapposite and, therefore, not determinative of the issue now before the Court.[1]

## IV.   Conclusion

Based on the precedent cited above, the Court concludes it has subject-matter jurisdiction over this case.  Accordingly, the Court DENIES the motion to remand (ECF No. 11) WITHOUT PREJUDICE to Baron's filing, within fourteen days of this order, a binding stipulation that he disavows the specific demands in Sections A through G of his prayer for relief, that he demands a money judgment *in a specific amount* not in excess of $75,000, and that he will not claim an award for any amount in excess of $75,000.  Should he file such a stipulation, DIRECTV shall file within ten days thereof any response it wishes to make.  In its response, DIRECTV shall indicate its position as to whether the Court should remand the case to state court.

SO ORDERED.

---

[1] In the case cited, plaintiff pled exactly $75,000 in damages and reiterated in her briefing papers that the amount in controversy did not exceed $75,000 for purposes of diversity jurisdiction, which was viewed by defendants as a concession that contradicted the position taken by plaintiff in state court, where she noted her ability to amend her complaint post verdict to seek higher damages.  Slip op. at 4.  Based upon this apparent concession, defendants consented to remand.  *Id.*  The opinion does not indicate that Judge Hollander was presented with the ambiguous language confronted in the instant case.  Nor was there any mention of an affidavit or binding stipulation.

DATED this 14th day of October, 2016.

BY THE COURT:


_____/s/_____
James K. Bredar
United States District Judge