IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PAUL Y. BARON, JR., | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-16-3145 |
| DIRECTV, LLC, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Paul Y. Baron, Jr.'s motion to strike Defendant DIRECTV, LLC's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). (ECF No. 20.) The motion has been briefed (ECF Nos. 25 & 26), and no hearing is required, Local Rule 105.6 (D. Md. 2016). The motion will be denied.

Baron has premised his motion to strike all of DIRECTV's affirmative defenses on the proposition that affirmative defenses must meet the plausibility pleading standard of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Baron acknowledges the undersigned's declination to apply the *Iqbal-Twombly* standard to affirmative defenses in the earlier case of *LBCMT 2007-C3 Urbana Pike, LLC v. Sheppard*, 302 F.R.D. 385 (D. Md. 2014), but seeks to preserve the issue for appeal. (Pl.'s Mot. 1 n.1.) Should the Court not grant Baron's request, he alternatively asks that the Court strike four specific affirmative defenses as well as DIRECTV's request for attorney's fees. (*Id.* 2.)

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Fourth Circuit has stated,

> Rule 12(f) motions are generally viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." 5A A. Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1380, 647 (2d ed. 1990). Nevertheless, "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Id.* § 1381 at 665.

*Waste Management Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). In *Waste Management*, the Court affirmed the district court's decision to grant a Rule 12(f) motion and to strike an affirmative defense that had no legal precedent in the context of that case. But courts generally refrain from striking affirmative defenses in the absence of a showing that, by not doing so, the movant would be unfairly prejudiced. *See Lockheed Martin Corp. v. United States*, 973 F. Supp. 2d 591, 592 (D. Md. 2013).

The Court reaffirms its earlier holding that a defendant's affirmative defenses need not be pleaded according to the *Iqbal-Twombly* standard. Doing otherwise risks putting this Court at odds with the Fourth Circuit's standard applicable to Rule 12(f) motions, as stated in *Waste Management*. It is still the undersigned's opinion, in the absence of binding precedent, that affirmative defenses need only meet the pleading standard of Rule 8(b)(1)(A), which provides, "In responding to a pleading, a party must state in short and plain terms its defenses to each claim asserted against it." That standard is noticeably different from Rule 8(a)(2)'s pleading standard governing complaints: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."

Thus, a plaintiff is required to *show* his entitlement to relief, but a defendant is not. A complaint's required showing of entitlement to relief lay at the heart of the Supreme Court's analysis in *Twombly*. That opinion pointedly referred to Rule 8(a)(2)'s mandated showing as a "threshold requirement." 550 U.S. at 557. *See also Iqbal*, 556 U.S. at 679 ("But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

2

complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citing Fed. R. Civ. Proc. 8(a)(2))). If Rule 8(b)(1)(A) similarly required a defendant to show his entitlement to relief, then application of the *Iqbal-Twombly* standard to affirmative defenses would be appropriate. For those reasons and for those stated earlier in *Sheppard*, the Court declines to evaluate the sufficiency of DIRECTV's affirmative defenses under Rule 8(a)(2)'s standard applicable to complaints.

The Court next considers whether specific affirmative defenses pled by DIRECTV should be stricken as "insufficient," pursuant to Rule 12(f). Although Baron lists twelve affirmative defenses that he contends are "irrelevant and unsupported" (Pl.'s Mot. 6), he only presents argument as to four of those (*id.* 7-9). Consequently, the Court will only address those four defenses.

As an affirmative defense, DIRECTV has asserted Baron's claims are barred because they are subject to arbitration. (Ans. Aff. Defs. ¶ 3, ECF No. 12.) In his complaint, Baron alleges he did not enter into any contracts with DIRECTV for satellite television services and, thus, DIRECTV cannot offer any "supportable argument that arbitration can be maintained as an affirmative defense." (Pl.s' Mot. 7.) Baron's argument cannot be sustained on the strength of his allegation that he did not enter into a contract with DIRECTV for the reason that the agreement under which the delinquent subscriber, Terra Rygh, obtained those services—and for which Baron paid but now disputes DIRECTV's entitlement to his payment—could well have obtained an arbitration clause; it is not implausible that an arbitration provision in Ms. Rygh's contract would reach Baron's claims asserted in his complaint. Obviously, the validity of this affirmative defense cannot be adjudicated at this early point in the proceedings, prior to

discovery and dispositive motions under Rule 56. Accordingly, the defense of arbitration is not insufficient and, thus, not subject to being stricken under Rule 12(f).

Next, Baron contends DIRECTV may not rely upon the defense of accord and satisfaction because there are no allegations in the complaint to support the defense. (*Id.*) He cites no authority for the proposition that a defendant may only plead affirmative defenses that rest upon specific allegations in the complaint. A defendant bears the burden of proving an affirmative defense, *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007), but is not restricted to relying upon the plaintiff's allegations for such proof. Again, the prematurity of Baron's argument is clear, given the need to resort to as-yet undiscovered evidence to evaluate the defense.

Baron also argues DIRECTV may not invoke the affirmative defense of statute of limitations because it has not posited an applicable limitations period less than eighteen months. (*Id.* 8.) Baron's complaint is noticeably vague as to when DIRECTV's alleged misconduct occurred in relation to the filing of the complaint. He ambiguously alleges, "More than one year and six months after DIRECTV reached into BARON's bank account and stole money there from [*sic*] and demanded [*sic*] that DIRECTV return the money, DIRECTV has refused to return the money." (Compl. ¶ 33, ECF No. 2.) DIRECTV's pleading the statute of limitations appears to be reasonable given the lack of clarity in the complaint. This defense will not be stricken.[1]

The final affirmative defense sought by Baron to be stricken is that of "contributory negligence and/or the comparative fault of third parties." (Ans. Aff. Def. ¶ 20.) Baron regards

---

[1] Conversely, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense clearly appear on the face of the complaint." *Goodman*, 494 F.3d at 464 (internal quotation marks, emphasis, and prior alteration omitted). It should be noted that the context in which that principle applies is that in which the *defendant* is seeking dismissal of a complaint for failure to state a claim for relief.

this defense as "absurd" because he did not plead an action of negligence.  (Pl.'s Mot. 8.)  DIRECTV argues that, even though Ms. Rygh is not a named party,[2] she is nevertheless potentially at fault in this case and that a contributing cause of any damage Baron claims is her failure to pay DIRECTV.  This may not be the strongest argument, and it may well be that the defense is found not to be of any merit, but for now, the Court cannot conclusively say the defense is insufficient.

As was said by Judge Blake in *Sprint Nextel Corp. v. Simple Cell, Inc.*, Civ. No. CCB-13-617, 2013 WL 3776933 (D. Md. July 17, 2013), when faced with arguments similar to Baron's here,

> To the extent that any of the allegedly defective defenses that have been pled . . . have no basis, there will be nothing for [plaintiff] to discover or litigate.  If the defendants can adduce evidence supporting these defenses, and fully articulate them, granting the motion to strike and permitting the defendants time to amend their answer to more thoroughly explain the basis of each defense, if there is any, will only delay the inevitable litigation of the merits.  Otherwise, if no valid basis exists for any of the defenses, as [plaintiff] argues, then the pled defenses will have little impact on the litigation going forward.

*Id.* at *9.  Thus, Judge Blake found Sprint's claim of prejudice from "having to expend discovery resources confronting defenses that it alleges are conclusory or meritless" to be unpersuasive and denied Sprint's motion to strike.  *Id.*  The same conclusion is appropriate here; no substantial prejudice can be discerned from leaving DIRECTV's affirmative defenses in the case at this juncture.  Nevertheless, the Court stands by what was said in *Sheppard* that litigants and their attorneys should not freely recite in their answers a litany of irrelevant and unsupported defenses.  Thus, parties and attorneys are held to a basic standard of accountability under Rule 11(b)(2) to plead only what can be supported by the law or to risk sanction.  302 F.R.D. at 387-88.  At the current point in these proceedings, the Court finds no basis for sanction.

---

[2] DIRECTV also pleads an affirmative defense of failure to join indispensable parties (Ans. Aff. Def. ¶ 9), presumably referring to Ms. Rygh.

Baron's last argument is that DIRECTV's request for award of reasonable attorney's fees (Ans. Prayer ¶ D) should be stricken because attorney's fees are not legally recoverable by DIRECTV. (Pl.'s Mot. 9-10.) Baron notes the American Rule does not grant prevailing defendants attorney's fees in the absence of a contractual or statutory provision granting the same, and he challenges DIRECTV to cite an allegation in the complaint to support its request. (*Id.* 9.) DIRECTV responds that exceptions to the American Rule exist, including one for "bad faith" prosecution of claims and a similar one under Rule 11(c) for unsupported pleadings, motions, or other papers filed in a case. (Def.'s Opp'n 6.) At this point, an award of attorney's fees to DIRECTV may seem improbable, but it is not outside the realm of possibility. Baron's request to strike the portion of DIRECTV's prayer pertaining to attorney's fees will be denied.

For the foregoing reasons, Baron's motion to strike (ECF No. 20) IS DENIED.

DATED this 5th day of January, 2017.

                                                          BY THE COURT:

                                                          _____/s/_____
                                                          James K. Bredar
                                                          United States District Judge